**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDUARD SHLAHTICHMAN, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) No. 09 CV 4032 |
| 1-800 CONTACTS, INC., | ) ) ) Judge Darrah |
| Defendant. | ) |

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

I. Pursuant to Rule 26(f) of the Fed. Rules Civ. Proc., a telephone conference was held in this matter on July 23, 2009 and the following attorneys participated:

    Brian J. Wanca and Jonathan E. Irwin, Attorneys for Plaintiff, Eduard Shlahtichman

    Michael Otto, Attorney for Defendant, 1-800 Contacts, Inc.

II. --Defendant to provide its Rule 26(a)(1) disclosure by August 5, 2009.

--Plaintiff has provided his Rule 26(a)(1) materials to Defendant except for the disclosures required under Rule 26(a)(1)(A)(ii) (copies of documents Plaintiff may use to support his claims), which Plaintiff will disclose after a protective order is entered.

III. The Parties are currently in the process of negotiating an agreed protective order. The parties will submit a proposed order for the Court's approval and entry once they have reached agreement.

IV. <u>Discovery Plan</u>. The parties propose to the court the following discovery plan

    A. The parties believe that merits and class discovery on fact issues overlap and are intertwined. The parties propose that all fact discovery be completed and then expert discovery on Rule 23 issues be done. Expert discovery on merits issues should be delayed until after the court rules on Plaintiff's Rule 23 motion.

    B. Discovery will not commence unless and until the Court denies Defendant's motion to dismiss and orders Defendant to answer the Complaint.

    C. Plaintiff proposes that the parties each may serve a maximum of 50 interrogatories on any other party unless this limit is extended by agreement of the parties or by the court upon the requisite showing of good cause.

        Defendant requests that the Rule 33(a)(1) limits apply--the parties are limited to 25 interrogatories unless this limit is extended by agreement of the parties or by the court upon the requisite showing of good cause.

    D.    The parties agree that as provided in Rule 30, they will each take a maximum of 10 depositions unless expanded by agreement of the parties or by the court upon the requisite showing of good cause.

    E.    Each deposition shall be limited to 1 day of 7 hours unless extended by agreement of the parties or by the court upon the requisite showing of good cause.

    F.    Fact discovery cut-off is set for May 31, 2010.

    G.    Expert discovery on Rule 23 issues only shall commence upon the conclusion of fact discovery.

        1.    Plaintiff's expert report(s) shall be due on or before June 30, 2010.

        2.    Defendant to depose Plaintiff's expert(s) and provide its expert report(s) on or before July 30, 2010.

        3.    Plaintiff to depose Defendant's expert(s) and parties to provide rebuttal report(s) on or before August 30, 2010.

V.    The cutoff date for amending pleadings and adding counts or parties shall be May 31, 2010.

VI.    <u>Class Certification</u> Briefing Schedule:

        1.    Plaintiff's Opening Brief shall be filed by September 27, 2010.

        2.    Defendant's Opposing Brief shall be filed by October 25, 2010.

        3.    Plaintiff's Reply Brief shall be filed on or before November 8, 2010.

        4.    The Parties may advance this schedule by mutual agreement.

VII.    <u>Dispositive Motions</u> may be filed at any time.

VIII.    The parties suggest the Court schedule a discovery status conference on November 20, 2009 at 9:00 a.m.

3

| | |
|---|---|
| s/Brian J. Wanca | s/ Michael Otto |
| One of the Attorneys for Plaintiff | Attorney for Defendant |

ENTER:

_____

Judge John J. Darrah

Prepared by:
Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500