UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDUARD SHLAHTICHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 09 CV 4032 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| 1-800 CONTACTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case arises out of alleged violations of 15 U.S.C. § 1681c(g) of the Fair and Accurate Credit Transactions Act ("FACTA"). This case comes before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Motion to Dismiss is granted.

### BACKGROUND

The following facts are alleged in the Complaint. Defendant 1-800 CONTACTS ("Defendant") is a corporation that sells contact lenses and related items over the internet. On June 2, 2009, Plaintiff, Eduard Shlahtichman, used his credit card to purchase contact lenses over the internet from Defendant. On that same day, Plaintiff received at his home a computer-generated receipt, which displayed the expiration date of the Plaintiff's credit card in response to his internet purchase from Defendant.

On July 6, 2009, Plaintiff notified the Court that his state-court complaint, seeking statutory damages for a "willful" violation of 15 U.S.C. § 1681c(g) of FACTA, had been removed to federal court pursuant to 28 U.S.C. § 1441(a). On August 14, 2009, Defendant moved to dismiss the Complaint.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). Additionally, determining whether a complaint should survive a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. To survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct. *Id.*

## ANALYSIS

Plaintiff's claim fails because e-mail order confirmations are not entitled to FACTA protection. In 2003, Congress amended the Fair Credit Reporting Act by passing the Fair and Accurate Credit Transactions Act. FACTA imposes regulations that either demand or forbid the disclosure of consumers' credit information in specific circumstances. *See* 15 U.S.C. § 1681c. The subsection of FACTA at issue in the instant case imposes a limitation upon the disclosure of credit and debit card information by those who accept the cards for business transactions. *See* 15 U.S.C. § 1681c(g). The applicable portion of FACTA reads, in full:

(g) Truncation of credit card and debit card numbers

(1) In general

Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

(2) Limitation

This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.

(3) Effective date

This subsection shall become effective-

(A) 3 years after December 4, 2003, with respect to any cash register or other machine or device that prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and

(B) 1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

3

§ 1681c(g). In short, the subsection prohibits the electronic printing of receipts that contain more than the last five digits of a consumer's credit or debit card number or the expiration date of the credit or debit card.

Defendant argues that Plaintiff's claim fails because the e-mail confirmation is not covered by FACTA. Specifically, Defendant asserts that (1) an e-mail confirmation is not an "electronically printed" receipt under FACTA, and (2) e-mail confirmations are not provided "at the point of the sale or transaction" as understood under FACTA. Alternatively, Defendant argues that even if the Court concludes that FACTA applies to the instant case, Defendant is still not liable for statutory penalties because Defendant's conduct was not a "willful" violation of the statute.[1]

---

[1] It is proper to adjudicate this case at the 12(b)6 stage because the character and content of the e-mail confirmation at issue is clearly established. Although Plaintiff cites *Harris v. Wal-Mart Stores, Inc.*, 2007 WL 3046162, at *3 (N.D. Ill. 2007) (*Harris*), to support its contention that the issue of whether an e-mail confirmation is an "electronically printed" receipt is premature, *Harris* is distinguishable from the instant case. There, the defendant merely asserted the characteristics of the alleged "receipt" as a fact. (*Id.* at *1.) Here, Defendant has provided a template, which demonstrates the form of the confirmation e-mail, which Plaintiff does not contest. Indeed, the vast majority of courts presented with this issue on a motion to dismiss have reached the merits of that issue. *See Romano v. Active Network Inc.*, 2009 WL 2916838, at *1 (N.D. Ill. 2009); *Turner v. Ticket Animal, LLC*, 2009 WL 1035241, at *3 (S.D. Fla. 2009); *Smith v. Zazzle.com, Inc.*, 589 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008); *Smith v. Under Armour, Inc.*, 593 F. Supp. 2d 1281, 1287 (S.D. Fla. 2008); *Grabein v. Jupiterimages*, 2008 WL 2704451, at *8 (S.D. Fla. 2008); *King v. Movietickets.com, Inc.*, 555 F. Supp. 2d 1339, 1340 (S.D. Fla. 2008); *Haslam v. Federated Dept. Stores, Inc.*, 2008 WL 5574762, at *4 (S.D. Fla. 2008); *Narson v. Godaddy.com, Inc.*, 2008 WL 2790211, at *5 (D. Ariz. 2008); *Grabein v. 1-800-Flowers.com, Inc.*, 2008 WL 343179 (S.D. Fla. 2008); *Vasquez-Torres v. Stubhub, Inc.*, 2007 U.S. Dist. LEXIS 63719, at *7 (C.D. Cal. 2007).

4

E-mail order confirmations are not entitled to FACTA protection for the following reasons. First, e-mail order confirmations are not "electronically printed" receipts under FACTA. Second, an e-mail order confirmation is not provided "at the point of the sale or transaction" under FACTA. Because Defendant did not violate FACTA, there is no need to consider whether Defendant's behavior was "willful." Accordingly, the Motion to Dismiss is granted.

*An E-mail Order Confirmation Is Not an "Electronically Printed" Receipt Under FACTA*

Most decisions which reach the question of whether an e-mail order confirmation is an "electronically printed" receipt entitled to FACTA protection have held that e-mail confirmations are not printed receipts under FACTA. *See Turner v. Ticket Animal, LLC,* 2009 WL 1035241, at *3 (S.D. Fla. 2009) (holding that an e-mail order confirmation is not a printed receipt under FACTA); *Smith v. Zazzle.com, Inc.*, 589 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) (holding that "the plain meaning of the unambiguous term 'print' establishes that the Plaintiff does not have a cause of action under FACTA for [an] internet receipt"); *Smith v. Under Armour, Inc.*, 593 F. Supp. 2d 1281, 1287 (S.D. Fla. 2008) (holding that the plain meaning of "print" does not coincide with "display on a computer screen"); *Grabein v. Jupiterimages,* 2008 WL 2704451, at *8 (S.D. Fla. 2008) (*Jupiterimages*) (holding that "print" under FACTA only refers to a "tangible, paper receipt"); *King v. Movietickets.com, Inc.*, 555 F. Supp. 2d 1339, 1340 (S.D. Fla. 2008) (holding that e-mail receipts are not printed within the meaning of FACTA); *Haslam v. Federated Dept. Stores, Inc.*, 2008 WL 5574762, at *4 (S.D. Fla. 2008) (holding that "the word 'print' commonly refers to a tangible, paper receipt and not an on-screen computer display"); *Narson v. Godaddy.com, Inc.*, 2008 WL 2790211, at *5 (D. Ariz. 2008) (*Narson*) (holding that FACTA covers "tangible, paper receipts" but not "displays on a consumer's computer screen").

5

However, a minority of decisions have held that e-mail order confirmations are printed receipts under FACTA. *See Romano v. Active Network Inc.*, 2009 WL 2916838 (N.D. Ill. 2009) (*Romano*) (holding that a computer display is included within the term "electronically printed" under FACTA); *Grabein v. 1-800-Flowers.com, Inc.*, 2008 WL 343179 (S.D. Fla. 2008) (holding that "the ordinary meaning of the term 'print' encompasses the information included when a seller electronically transmits a receipt"); *Vasquez-Torres v. Stubhub, Inc.*, 2007 U.S. Dist. LEXIS 63719, at *7 (C.D. Cal. 2007) (holding that "the display of information on the plaintiff's computer screen" is electronically printed under FACTA).[2]

The decisions referenced above, holding a computer screen display is not an "electronically printed" receipt under FACTA, generally find that the term "print" is not commonly understood to apply to a display on a computer screen and that the statutory context of FACTA supports the proposition that Congress intended "print" to be interpreted in accord with this plain meaning.

As set out above, FACTA expressly limits the scope of its truncation requirement to "electronically printed" receipts provided to the consumer. § 1681c(g)(2). However, FACTA does not define the term "printed." In the absence of a statutory definition, a court should use a term's plain meaning. *United States v. Davis*, 471 F.3d 783, 787 (7th Cir. 2006). Moreover, courts "frequently look to dictionaries to determine the plain meaning of words." *Sanders v.*

---

[2] As Defendant points out in its reply brief, the minority of cases that extend FACTA to electronically displayed information generally presumes that Congress must have intended for FACTA to address the privacy risk of e-mail. That presumption is unfounded. At the time that FACTA was passed, there existed numerous statutes protecting e-mail and electronic documents. For example, interception of e-mail is punishable by up to five years imprisonment. *See* 18 U.S.C. § 2511(1)(a), (4)(a). Unauthorized access of a computer used in interstate commerce with the intent to defraud is punishable by five years' imprisonment for a first offense and ten years for a second or subsequent offense. 18 U.S.C. § 1030(a)(4), (c)(3). Moreover, unauthorized access to electronic communications stored by a facility providing electronic communications services has been criminalized. *See* 18 U.S.C. § 2701.

*Jackson*, 209 F.3d 998, 1000 (7th Cir. 2000). The first definition of "print" in the Oxford Dictionary of English is to "produce (books, newspapers, magazines, etc.) . . . by a mechanical process involving the transfer of text, images, or designs to paper." OXFORD DICTIONARY OF ENGLISH, (11th ed. 2008), http://www.oed.com/. Several other dictionaries confirm that the plain meaning of "print" is to transfer information to paper. THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed. 2006), http://education.yahoo.com/reference/dictionary/entry/print; COLLINS ESSENTIAL ENGLISH DICTIONARY, (2d ed. 2006), http://www.thefreedictionary.com/print; WEBSTER'S NEW WORLD COLLEGE DICTIONARY, (4th ed. 2004), http://www.yourdictionary.com/print. Although Plaintiff posits that "print" is commonly understood to mean "to display on a surface (as a computer screen) for viewing," this argument is unpersuasive. In rejecting an identical argument, one court noted that this particular definition is an alternate sub-definition meant to be associated with the verb "print out." *Jupiterimages*, 2008 WL 2704451, at *6. Plaintiff's argument is unpersuasive; "print" is not commonly understood as a display on a computer screen.[3] *Id.*

Moreover, the statutory context of FACTA supports this plain meaning of "print." Other provisions of FACTA's truncation requirement confirm the above-mentioned plain meaning of "print." Significantly, FACTA's effective dates turn on the date that "any cash register or other machine or device that prints receipts for credit card or debit card transactions" is put into use. § 1681c(g)(3). Under the statutory interpretation rule of *ejusdem generis*, when a statute sets out

---

[3] As Judge Torres noted:
> "In sum, the word 'print' does not encompass onscreen computer displays because 'print' only refers to a tangible, paper receipt. That is why Mr. Grabein had to *print* a copy of his receipt to get it off of his computer; it is why the machine used to transfer text from a computer to paper is called a *printer*; and it is why a judge who asks a law clerk to *print* a case does not intend for the clerk to merely display the case on his computer screen."

*Jupiterimages*, 2008 WL 2704451, at *8 (emphasis in original).

a specific term and a general term, the general term is confined to covering subjects comparable to the specifics it follows. *Hall St. Assoc. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 1404 (2008).

Plaintiff contends that because the statute contains the phase "any . . . other machine or device that prints receipts," it is intended to include computers sending e-mail. However, the term "other machine or device" as used in FACTA must be understood as a reference to devices akin to cash registers. *Narson*, 2008 WL 2790211, at *6. Accordingly, FACTA would apply to point-of-sale terminals or dial-up terminals. E-mail servers or home computers, however, are not sufficiently "akin to" cash registers to receive protection under FACTA.

Plaintiff further argues that because FACTA elsewhere in § 1681c(g)(2) set out above specifically excludes only "transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card," no other exceptions should be inferred. Plaintiff relies on *Romano*, where the court concluded that this exclusion of receipts prepared by hand or by imprints meant that FACTA applied to all other types of receipts. 2009 WL 2916838, at *3. However, this exclusion simply clarifies that FACTA covers only "electronically printed" paper receipts. Although receipts prepared by hand or by imprints are printed, they are not done so electronically. Thus, the exception does not show that FACTA applies to more than printed paper receipts. Rather, it shows that FACTA was not intended to cover all printed paper receipts.

Finally, the legislative history indicates that FACTA was directed at printed, paper receipts. In his Complaint, Plaintiff concedes that Congress enacted FACTA to curb "low tech" means of identity theft. Plaintiff provides "dumpster diving" as an example of a low tech means of identity theft. "Dumpster divers" obtain stolen, lost, or discarded receipts and use the

information on the receipts in transactions. Moreover, remarks from Congress demonstrate how FACTA is intended to protect information on paper receipts. *The Fair Credit Reporting Act and Issues Presented By Reauthorization of the Expiring Preemption Provisions, Before the Comm. on Banking, Housing and Urban Affairs*, 108th Cong., 78 (2003) ("In other words, the receipt, the part you discard, does not show the whole number on there so people cannot go into the garbage can, pick it up, and duplicate your credit card number.") (statement of Sen. Charles Schumer). In support of his proposition that FACTA reaches computer displays, Plaintiff cites two committee reports, which recognize that the internet can facilitate identity theft. SEN. REP. NO. 108-166 (2003); H.R. CON. REP. NO. 108-396 (2003), *reprinted in* 1990 U.S.C.C.A.N. 1753. However, this fact alone is not enough to infer that Congress intended FACTA to reach computer displays.

In May 2008, Congress passed the "Clarification Act" to rescue merchants that had included expiration dates on receipts from civil FACTA liability. Although the Clarification Act does not apply to the instant case because Plaintiff challenges later-issued receipts, Plaintiff argues that the absence of any recitals or clarifications regarding the applicability of FACTA to internet transactions shows that FACTA was understood to apply to internet transactions. This argument is also unpersuasive, as the legislative history regarding the Clarification Act confirms FACTA's exclusive focus on paper receipts. 154 CONG. REC. H00000-29 (daily ed. May 13, 2008) (FACTA "eliminates one avenue for these criminals to steal account numbers by prohibiting the printing of full account numbers on *paper* receipts.") (statement of Rep. Melissa Bean) (emphasis added). Indeed, if Congress intended for FACTA to apply to internet transactions, it would have made a reference to e-mail order confirmations or internet commerce.

9

Therefore, Plaintiff's e-mail order confirmation is not an "electronically printed" receipt entitled to protection from FACTA.

### *An E-mail Order Confirmation Is Not Provided "at the Point of the Sale of Transaction" Under FACTA*

In addition to not being a printed receipt under FACTA, an e-mail order confirmation is not entitled to FACTA protection because it is not provided "at the point of the sale or transaction." Section 1681c(g)(1) specifies that the receipts entitled to FACTA protection must be "provided to the cardholder at the point of the sale or transaction." In *Narson*, the court noted that "this language clearly contemplates a transaction where the customer is present in the location where the sale is made, and where the merchant provides the receipt to the customer at that same location." 2008 WL 2790211, at *5. Moreover, the *Jupiterimages* court held that the language of § 1681c(g) as a whole clearly shows that the statute contemplates in-store transactions. 2008 WL 2704451, at *7. Specifically, the court stated that, when "[c]onsidered in context, the word 'print' must apply to tangible, paper receipts. There is no tangible 'point of sale or transaction' with respect to e-commerce; but the 'point of sale or transaction' clause makes sense in the context of printed paper receipts." *Id.*

Plaintiff contends that the transaction at issue is covered by FACTA because the physical place where the transaction occurred is wherever consumers make an on-line purchase. The authority upon which Plaintiff bases this assertion comes from distinguishable case law involving intellectual property and therefore does not provide meaningful assistance in the interpretation of terms used in FACTA. *See Gen. Motors Corp. v. Keystone Auto. Indus.*, 453 F.3d 351 (6th Cir. 2006); *Interactive Gift Express, Inc.*, 256 F.3d 1323, 1333 (Fed. Cir. 2001). Additionally, an e-mail order confirmation is not provided to a consumer at the point of purchase even if a consumer purchases an item and views the e-mail order confirmation on the

same computer. Rather, e-mails are provided to an account, which can be accessed anywhere in the world. The fact that a consumer can view an e-mail on his home computer does not mean the e-mail was directed to that computer at that location. Thus, Plaintiff's e-mail order confirmation is not entitled to FACTA protection because it was not provided "at the point of sale or transaction."

The allegations set forth in the Complaint are not sufficient to survive a motion to dismiss. In sum, FACTA does not protect electronically displayed e-mail order confirmations because these e-mail confirmations are not "electronically printed." Moreover, these e-mail order confirmations are not provided "at the point of sale or transaction." Thus, Plaintiff's Complaint fails to state a cognizable claim.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Complaint is granted.

Date: December 2, 2009

JOHN W. DARRAH
United States District Court Judge